The next case on the calendar is Pearlstein v. Blackberry Limited. Good morning, Your Honors. David Brower for the appellants. The core of this appeal is the proper application of Federal Rule of Appellate Procedure 3C.3. Judge McMahon, in her dismissal order, which is at the special appendix starting at page 29, indicated that in the circumstances of this case, which is a PSLRA securities case, there was no Second Circuit guidance on how to apply Federal Rule of Appellate Procedure 3C.3 with respect to additional named plaintiffs in addition to the lead plaintiffs that had been appointed by the court. What the statute says is in a class action, whether or not the class has been certified, the notice of appeal is sufficient if it names one person qualified to bring the appeal as representative of the class. Judge McMahon then found that the only qualified person to bring an appeal in a PSLRA case on behalf of the class is the court-appointed lead plaintiff. That has not been disputed by any party in this litigation. There was also no issue that Mrs. Cho and Eulich, who are the appellants, were members of the class. Judge McMahon found that as well. As a result, Judge McMahon said that should have ended the inquiry and appellant's claim should have been sustained. That's where things went off the tracks. Judge McMahon then looked at Footnote 3 in Cone v. UBS and determined that based on the language in the footnote, which is somewhat cryptic, in which she described as, the salient language about the appellate rule appears in the footnote. The reader has no idea how or why the issue was raised or whether the statement in the footnote, itself a slender read on which to hang the disposition of a case, is anything other than dictum, finding that the Cone case, itself, was a very confusing decision in all respects. At that point, your honors, I think the lesson of Cone, as we'll demonstrate, is that appellants should not make half-baked new arguments for the first and only time during oral arguments, which is the reason we provided the court with the audio tape of the oral argument, which actually fills in all the gaps in what happened in Cone. It does not explain either the text of the opinion or Footnote 3 that Judge McMahon concluded she was bound by, that it indicated a narrow reading of Federal Rule of Appellant Procedure 3C3, and that, in fact, that reading under Cone, the way she read Cone, created a split in the circuits between at least the second and third circuits on how to apply it in a class act. Mr. Broward, could I ask, this is Judge Lynch, could I ask a question about the status of Cho and Ullig in this case? What, if anything, do they gain by remaining in the case as named parties that they would not have had as class members? Well, two answers to that question, your honor. First of all, it is very common practice, and in fact was endorsed by this circuit in the Hevesy case, to add additional plaintiffs to a complaint in case something goes wrong with the named lead plaintiffs and the class is jeopardized by not getting class certification. So it's often the case that additional plaintiffs are added to a class action consolidated complaint by the lead plaintiffs. I understand that. I'm trying to ask what they get. In other words, let me make it more concrete. Suppose the lead plaintiffs had decided not to appeal this dismissal on behalf of the class. Suppose they read the district court's dismissal opinion and said, that's fine with us. It's not worth our time to pursue this. Could Cho and Ullig have appealed in their own right as individual plaintiffs? They could have done that. But more importantly, I believe as the statute is written, since the class has not yet been certified, they could appeal on behalf of the entire class because at that point the lead plaintiffs would have abandoned the class. And the class is entitled to protection even if the lead plaintiffs choose not to protect the class. Well, suppose they didn't, though. Excuse me, suppose they just decided to go ahead on their own. They have pretty substantial damages, I understand it. They could have done that, couldn't they? If the case was dismissed? Yeah. No, because they're named plaintiffs. Have they not ever become named plaintiffs? No, exactly. I'm asking first, as named plaintiffs, didn't they have certain rights? For example, if Cox and Dinzic did appeal, just as they did, and Cho and Ullig said, gee, we don't think the brief that they wrote is very good. We have some additional arguments we'd like to make. Would they not have been entitled to file their own notice of appeal and their own brief in the case? The answer is they could probably have filed an amicus brief. They would not have been able to represent the class. I'm asking about representing the class. They are individual plaintiffs, right? There are lots of other members of the class. Mr. Jones also is someone who owned stock. I don't remember what the case is. Someone else who was a member of the class could not have jumped into the case without intervening and making a motion to intervene. But Cho and Ullig could pursue their own course if they chose to. Yes. So then what I'm puzzled about is they're not like just members of the class who ride on the coattails of Cox and Dinzic in this case. Aren't they entitled to go their own way? Well, no, you aren't, because they're consolidated and under the lead plaintiff provisions. They're supposed to be guided by the lead plaintiff. Now, there's a Tenth Circuit case. I forget the name of it. I believe it's David Stewart. It's a supermarket case from the 90s where the court said that if a named plaintiff who's part of a class action where they're not the lead plaintiff has an interest that suddenly diverges from the lead plaintiffs, they're entitled to raise that issue with the court. So presumably that would be the rule everywhere. That's a Tenth Circuit case. That would presumably be the rule everywhere. But here that didn't happen. What's most important is it didn't happen. These two plaintiffs had identical claims, were added to the complaint by the lead plaintiffs as a security measure, and I might add, under CalPERS v. ANZ, the Supreme Court's recently said that's what you have to do in order to preserve your rights if the class is not certified later on or you wish to opt out later on when the time comes. You have to wait until the time comes to opt out because otherwise you could pass the statute of repose. Here we've way passed the statute of repose, so no member of the class can start their own case anymore. And if class is denied, for instance, the case is over, as did the entire class, unless you actually entered an appearance as a named plaintiff. So there were two reasons to do it. The two named plaintiffs had to do it. As to the Cone case, I know I'm running out of time. As to the Cone case, we've laid out what happened to Cone. Cone tried to represent a class of people with a claim he didn't have. He admitted he didn't have the POGA claim, the California State Court claim. As a result, he could not have been a qualified representative of a class for the POGA claim, and that's the meaning of the footnote. The only way you can ferret that out, though, is listening to Judge Carney's questioning of Cone's lawyer, where it became clear Cone's lawyer didn't even know if Mr. Shoemaker, the plaintiff below who didn't appeal, who did have the POGA claim, was even a member of Mr. Cone's class. He had no idea. So the problem there was you didn't have a plaintiff withstanding to assert the claim, and therefore be qualified to assert the claim in the notice of appeal. Here, there's no question. The lead plaintiffs and Mr. Ulog and Sho have exactly the same claims. They didn't do anything differently. They've taken no different positions, and in fact, Sho and Ulog have always been advocates for the class and, in fact, moved to be certified as class representatives. That's the first step. I mean, the Cone court, just to make sure I understand, I think I do understand it, but just to make sure, the Cone court necessarily found that Cone was qualified to bring the appeal as a representative of the class, right? They undertook the appeal. You're saying that there has to be a claim-by-claim assessment of qualification under this rule, and that's how we should construe the sentence in Cohen. But what happened in Cone, what happened in Cone is very clear. There were two sets of claims. There was a federal FISLIC claim, and there was this California POGA claim. Mr. Cone had problems with the FISLIC claim because there was a mandatory arbitration clause that he was trying to fight. He had standing to litigate that case, except there was a mandatory arbitration claim, so he couldn't pursue the claim in court. So it was dismissed, and he appealed that. He also appealed the POGA claim, which did not have the mandatory arbitration claim, and that oral argument, he said, well, he doesn't have that claim himself, but Mr. Shoemaker, who was a plaintiff below, who didn't appeal, he has that claim. So by bringing this as a class notice of appeal, he has appealed. And the court said, no, no, no. Someone who's qualified to represent the class for that claim has to appeal. While Mr. Cone used the magic language of on behalf of all others similarly situated correctly, he didn't have the claim, and that's why the court then said, we don't even have jurisdiction to consider the merits of Mr. Cone's arguments about the POGA claim because Mr. Cone doesn't have the POGA claim. That's what happened, and the court basically said in Cone, you have to look to see if the person seeking to represent the class is qualified to do so. Mr. Cone was not because he didn't have the only live claim that could have been appealed. And Mr. Brower, may I ask one more question? Do you see any distinction between the status of Cho and Ulug as individual named plaintiffs and their status as members of the class in the following way? Is it possible that you gave some indication of why they want to be named plaintiffs in this case, so that, for example, they would preserve their opt-out rights and preserve their right to file an individual complaint if the class is not certified. Is it possible that they lose that by not appealing in their own names but could still be participants in the class action? Because the rule that you cite, after all, says that Cox and Dynzik can bring this appeal as qualified lead plaintiffs on behalf of the entire class. And Cho and Ulug are, whatever else they are, also members of the putative class. So that if the class goes forward and either wins a trial, if any of these things ever go to trial, or there's a settlement in which class members can put in their claims, perhaps the appeal worked on behalf of Cho and Ulug as class members, but not necessarily insofar as they have individual separate rights? I think the answer, Judge Lynch, goes back to something a little more basic. In order to be a class member, you need to have a claim that's common to the other members of the class. And either they have the claim or they don't. The defendants and the court took the position their claims were extinguished because they weren't individually named in the notice of appeal. So as of now, they don't have the claim. That's what this appeal is about. I understand that. I understand that. But I'm asking you about something else that may be relevant here as we try to parse out these different rules and precedents. There's a point to their being named in the complaint. And they get certain rights that the other class members don't have. And what I'm asking you is, do they need to file their own appeal in order to preserve those rights? Assume we agree with you that they can't be precluded from filing a claim if the class succeeds based on the efforts of the lead plaintiff. They are in no different position than any other member of the class. The statute, Rule 23, would allow any member of the class to intervene and seek to be a class representative if they wish to. I think it would be difficult. But they go back to their status, first and foremost, as class members who are under the control of the lead plaintiff who the court's appointed to run the case. As to this idea about opting out, I want to just say one moment to that. The defendants have argued, and the courts seem to agree, and I'm not sure where the law came from on this, that by virtue of being a named plaintiff, you have somehow effectively opted out of the class. I must admit, and we've cited a ton of cases on pages 31, 35 of our opening brief, that there are a ton of cases that make it very clear, as a matter of law, you cannot opt out of a class. Whether you're a named plaintiff, whether you have your own lawsuit in another venue, whether you have a lawsuit in the same venue, you cannot opt out of a class until under Rule 23, C, 2, B, 5, and 6. The court orders an opt-out. The class first gets certified. The court orders a notice informing people how and when to properly opt out, and then it becomes a formal opt-out. This has been held in an unbroken line of cases in the Southern District of New York, going back to the Grinnell case. It's the underlying reasoning of CalPERS versus ANZ, where the plaintiffs want to opt out but couldn't because the class had yet to be certified in its own way. That's not the law. The law is you're a member of the class until the court certifies the class and then allows you and tells you how, and if it was any other way, Your Honor, it would just undermine the PSLRA completely. It would turn the control portions of it on its head, and it would ruin the orderly management of class actions by the courts because anybody could just start filing cases all over the country and just take the position, I'm not a member of the class, so I'm going to pursue satellite litigation everywhere simultaneously. Now, Mr. Brower, did you want to reserve your rebuttal time or use it now? Okay, thank you, Your Honor. Thank you. We'll hear from Mr. Palmore. Thank you, Your Honor. Joseph Palmore here on behalf of Appellees. The District Court correctly held that the prior judgment dismissing Cho and Uligs individual claims barred Cho and Ulig from continuing to litigate them. Cho and Ulig appeared nowhere on the previous notice of appeal, and under this court's decision in Cohen, that is dispositive. They did not appeal the judgment against them. It is therefore final and has race judicata effect as to them. As Cohen also expressly holds, the fact that this is a putative class action did not relieve Cho and Ulig of the obligation to appeal dismissal of their individual claims. Cohen explains that Rule 3C.3 means that Cox and Dinsig's appeal covered unnamed putative class members, but not other named plaintiffs with a judgment against them individually. The new claim against Mr. Zipperstein is also barred by race judicata and law of the case. I think it's important to recognize that Cho and Ulig had a choice at the outset of this case. They wanted to be lead plaintiffs. They were unsuccessful in that. They could have at that point receded back into the putative unnamed class and a number of other people who wanted to be lead plaintiffs did exactly that. But instead, they chose a different route. They chose, as was their right, to file their own individual claims and to represent themselves. And they did that, as Mr. Brower explained, because it benefited them. They were able to avoid a potential statute of repose problem by pursuing those individual claims. Having made that choice and accepting the benefits of that choice, along with it came certain obligations. After judgment was entered against them as individuals, as it was, one of those obligations was to appeal that judgment if they wanted to prevent it from having race judicata effect. They didn't do that. And as Cohen explains, that is fatal to their ability to continue with those claims because they were not parties to the previous judgment, the previous judgment of this court. And Cohen is not, there's no mystery about Cohen's holding. It explains why it held what it did. It's not just a footnote. It's also Section 3 of the opinion. And it said that Cohen, there were basically, Cohen was litigating on that appeal as an individual and as a representative of the unnamed class members. And he himself didn't have this California PAGA claim. And the court said that Shoemaker, the only party who did have that claim, was, quote, has not joined this appeal. Accordingly, we lack jurisdiction to consider any appellate argument he may have. Shoemaker had chosen, like Cho and Ulig, to litigate his claim as an individual. And he did not become an appellant in this court because he didn't join the notice of appeal that was filed only by Cohen. This was a holding because it was necessary to the court's decision not to decide the PAGA question. And it was briefed, too. It didn't just pop up for the first time in oral argument. It was in, this very issue was teed up in the party's briefs in Cohen. I think Judge Lynch's questions highlight, I think, the fundamental distinction between what it means to be an individual plaintiff litigating an individual claim and being an unnamed class member. Imagine there'd been no appeal after the district court dismissal in this case, the first district court dismissal. After that, unnamed putative class members could have gone into court the next day and sued. They wouldn't have been bound by that judgment. But Cox, Dinsig, Cho, and Ulig would have because there would have been a judgment with preclusive effect barring their individual claims. Relatedly, if, as Judge Lynch pointed out, Cho and Ulig had chosen to appeal and Cox and Dinsig had chosen not to, then Cho and Ulig's individual claims could have survived if they were successful on appeal. But Cox and Dinsig's would not have. And the converse, which is this case, is also true. Cox and Dinsig decided to appeal the dismissal of their individual claims, but Cho and Ulig didn't. And as this court's decision in Cohen explains, that reflects the fundamental distinction between named plaintiffs who choose to litigate their individual claims and then end up with a judgment against those individual claims and unnamed putative class members. Now, the district court thought that we, that following our decision in Cohen, we are in conflict with the Third Circuit and Massey. Do you agree with that? I don't. I think Massey is actually entirely consistent with our approach here because Massey looked at this question in two different steps. The first question was, were the other named plaintiffs other than Massey before the court? And for that, this court, that Third Circuit, I'm sorry, looked to rule 3C1A. And in particular, it looked to the use of at all and said that was enough to bring in the other named plaintiffs. I'll just note parenthetically, there's no at all here. Then separately, the court in Massey looked to 3C3 to see whether that appeal was sufficient to bring in the other unnamed putative class members. And that's the same analysis here, the same analysis that this court applied in Cohen. The issue here is individual named plaintiffs. So it is a 3C1A question. And this court reads that in connection with 3C4. And it requires, there has to be affirmative evidence.  And here, when you look at the notice of appeal, it's not just that Cho and Ullig weren't mentioned. There's affirmative evidence that they didn't intend to appeal, although that's not actually necessary. And this is at JA119 to 120, the notice of appeal. Not only are Cho and Ullig not mentioned, but Mr. Brower appeared in his signature block as additional counsel for lead plaintiffs and the class. That is important and significant because in the context of this case, he had typically appeared in the district court as counsel for additional plaintiffs, Cho and Ullig. So it was a conspicuous change, which is actually affirmative evidence of Cho and Ullig not having joined the appeal. And I'd also like to point out that there's no trap for the unwary here. It's a basic rule of appellate jurisdiction and appellate practice that parties with a judgment against them have to note an appeal in their ruling. Excuse me, Mr. Palmore, Cho and Ullig seem to have been very unwary. In their depositions, it seems that they didn't even know that the complaint had been dismissed, let alone that they had a choice to make about whether to appeal or not to appeal. Am I wrong about that? You're absolutely right about that. They had no idea that their claims had been dismissed. They had no idea there was an appeal. They didn't know about it until years later before a deposition. And that's consistent. And their original complaints when they were filing their own class actions indicated or alleged that between the two of them, they lost about $100,000. And so if they were able to continue in this case, even as class members, either your side wins this case on summary judgment or likely there will be some settlement. And the settlement will be in some gross amount for all of the shareholders. And then individuals will put in their claims and get their pro-rata share of whatever the case settles for, except for these people who will be out of luck. So let me ask again the question that I asked Mr. Brower. Do you see any distinction between their abilities and their need to appeal separately and their rights as individual named plaintiffs and their rights to continue to participate as class members in a situation where Rule 3 does seem to say that so long as one person appeals who has the right to represent the class or claims typical of the class, that's good for everybody in the class? I understand Your Honor's question. I don't see a distinction because before certification, parties are completely authorized to litigate on their own behalf. They are the master of their own individual claims. They can settle them. They can abandon them. So you could imagine in this case if defendants had decided to settle with Cho and Ulig and Cho and Ulig had signed a release, they would then not be members of a class if one were ever certified and they wouldn't be entitled to enjoy any class judgment or class settlement. So you're saying we should treat this essentially the same as if for some strange reason, I'm not sure, I've never seen this happen, if Judge McMahon had consolidated all the other class actions into a Cox and Dinzic lead plaintiff complaint and allowed Cho and Ulig to proceed with their own separate complaint and then they did not appeal a judgment which applied to both their case and the putative class case, that's essentially what happened here, you're saying? Yes, that is what happened here. Their individual claims were extinguished when judgment was entered against them and then they failed to appeal and that would bar them from enjoying the benefits of a class settlement or judgment down the road. Of course, that second issue isn't actually before the court right now and no class has even been certified here. Well, but we'd have to say one way or the other, right, what it is that they lose or what happened to them by not appealing. Well, and I think what you would say if you do go there is that their claims were extinguished in the same way they would have been extinguished if they had settled. And this court said in Weight Watchers and other cases that before certification individual plaintiffs are welcome and allowed to settle their claims with defendants, they would then, they exited the class by their conduct and the same situation is here by analogy, which is that they abandoned their claims when judgment was entered against them and they didn't appeal. And I would finally just point out as a practical matter, there is no trap for the unwary. As we note in footnote nine of our brief, it is quite common in securities litigation like this when there are additional named plaintiffs for them to either file their own notices of appeal or join in by name on the notice of appeal filed by lead plaintiffs. And that's a common practice in the plaintiff security bar. It just wasn't done here. And that has jurisdictional significance and it means that the portion of the judgment dismissing Cho and Ulib's individual claims is now final and it has race judicata effect not only with respect to the claims against BlackBerry and the original set of defendants, but with respect to Mr. Zipperstein who was obviously in privity with BlackBerry. He was a senior official. He was the chief legal officer and that means that the race judicata effect of the original judgment extends to him. Law of the case gets you to the same place because there is a now final and unreviewable judgment in the district court as to Cho and Ulib that there were no adequately alleged false statements by Mr. Zipperstein and that there was no adequate allegation of seantor attributed to Mr. Zipperstein. And so law of the case would also bar their attempt to assert new claims on remand against Mr. Zipperstein. So for all these reasons... Thank you, Mr. Go ahead and finish your... You were closing up. Sorry, I was interrupted. Yeah, no problem. I was just about to wrap up and say that I think basic principles of race judicata law and appellate jurisdiction, this court's decision in Cohen reflecting a plain reading of Rule 3C requires affirmance in this case. Thank you, Your Honor. We'll hear rebuttal. Your Honor, first of all, with respect to Mr. Zipperstein, I'm very confused by counsel's argument. I think it was the first time in the second amended complaint after this court remanded the case back to Judge Grisey, finding that new evidence had been uncovered and the court should have considered allowing amendment of the complaint. And that motion was joined in by Mr. Cho and Uleg. There's no dispute they joined in that motion. That's in the papers. That was a new claim. When it went back, Mr. Zipperstein, he was given statute of limitations and the court found under Reynolds v. Merck that the information upon which the fraud was premised, his scienter in particular, could not have been found within the two years after the initial complaint was filed. So I don't know he's talking about some judgment as to Mr. Zipperstein. Mr. Zipperstein is not named in his agency capacity, which is what all of the cases that they've cited talk about. Mr. Zipperstein is named as a primary violator of Section 10B of the Exchange Act. Unlike the other two named defendants who are named under Section 20 as control people, Mr. Zipperstein is not. They could have filed a completely new action against Mr. Zipperstein anywhere in the country after the case was sent back to Judge Grisey because it was irrelevant whether it was reversed but whether it was or wasn't, it was a new case, a timely case against Mr. Zipperstein who is not being named in his agency capacity. So that claim should be sent back and remanded. My colleague, when he read you the portion in Section 3 of Cone, left a little piece of it out. What the court said was since Cone concedes his claim under PAGA in California law is consistent with the FAA, Cone asserts that one of the plaintiffs below, Charles Shoemaker, had timely PAGA claims but Shoemaker has not joined with this appeal. Accordingly, we lack jurisdiction to consider any appellate argument he may have. The issue there is very clear. They split the claims and found he was not a qualified representative of the PAGA claims and that's the meaning of the footnote. Wouldn't the logic that you're advancing suggest that Shoemaker was present in the appeal? I guess you're saying he isn't present in the appeal because Cone couldn't bring the appeal on his behalf, which is not true here. That's the distinction. That's the distinction. Okay, I understand your point. Mr. Cone didn't have a claim that he would be qualified to represent whereas here there is no question the lead plaintiff had exactly the same claim and were qualified to represent those claims on behalf of Ulock and Sho. I'll note that the defendants haven't cited a single case in support of any of their positions, which is telling because the statute is so clear on its face. The argument about et al., I find to be one of the more absurd because Cone does make clear that the phrase on behalf of all others similarly situated is the appropriate magic language if, of course, Mr. Cone had had the claim on behalf of the people he was trying to represent that was similarly situated, which he did not, the Paga claim. But clearly using on behalf of all others similarly situated is not only as good as using et al., which the advisory committee talks about, but it's better and it's been endorsed by this court. With respect to the change in my status from counsel for additional plaintiffs, General Inouye, to representing additional counsel for the lead plaintiffs, in fact, you may remember, Judge, I argued this appeal, the BlackBerry appeal before the Second Circuit. The reason was because only the lead plaintiffs could appeal on behalf of the class for the claims the class was asserting. So only they could be represented during the oral argument on behalf of the entire class of which Ulock and Show were indubitably, as Judge McMahon said, members. If the court has any questions. Thank you. No, I think, thank you, Mr. Brower. We'll take the, we'll take the matter under advisement and again, nicely argued.